# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BEN DAVIS,<br><br>       Plaintiff,<br>  v.<br>ASHTON GLAVES, RN,<br><br>       Defendant. | Case No. 3:20-cv-00100-SLG |

## ORDER RE: ALL PENDING MOTIONS

Ben Davis, a self-represented prisoner, has filed seven motions each of which is addressed in this order.

## BACKGROUND

On April 30, 2020, Mr. Davis, a convicted prisoner, filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his medical care.[1] After screening in accordance with 28 U.S.C. § 1915 and notice to the Court, Mr. Davis proceeded on his claim against Ashton Glaves, RN.[2] Defendant answered on October 23, 2020 and the Court issued an initial scheduling order.[3] On November 3, 2020, Mr. Davis filed a Motion for Summary

---

[1] Docket 1.

[2] Dockets 5, 6, & 8. (The Court takes judicial notice that Defendant's name is Ashton Glaves, not Glades as written by Mr. Davis. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019)). The case caption is amended as set forth above.

[3] Dockets 11 & 12.

Judgment.[4] On November 10, 2020, Defendant filed an Amended Answer and a Scheduling and Planning Conference Report and Mr. Davis filed a Motion to Add New Defendant to Complaint.[5] Defendant filed responses to Mr. Davis's motions,[6] and the Court issued a Scheduling Order and a Trial Scheduling Order.[7] In December 2020 and January 2021, Mr. Davis filed the following motions: (1) Motion to Show Court that Defendant Refuses to Send Plaintiff to the ER for Chest Pains and Vomiting; (2) Motion to Compel; (3) Motion to Show Summary of Case and Update the Court; (4) Motion to Show the Court that the Medical Dept Will Not See the Plaintiff for Chest Pains and High Blood Pressure; and (5) Motion for Preliminary Injunction.[8] Defendant filed responses to the Motion to Show Court that Defendant Refuses to Send Plaintiff to the ER for Chest Pains and Vomiting at Docket 21 and to the Motion to Compel at Docket 23.[9]

## DISCUSSION

Mr. Davis has not provided sufficient grounds for any of his seven motions. All of his motions are denied for the reasons discussed below.

---

[4] Docket 13.

[5] Dockets 14, 15, & 16.

[6] Dockets 17 & 18.

[7] Dockets 19 & 20.

[8] Dockets 21, 23, 24, 26, & 27.

[9] Dockets 22 & 25.

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 2 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 2 of 12

## I. Motion for Summary Judgment

Mr. Davis filed a "Motion for Summary Judgment" at Docket 13. Mr. Davis alleges that Defendant "has not responded to me at all."[10] He further alleges that he has all the witnesses, documentation, and evidence needed for trial.[11] Mr. Davis does not make a request for relief, but states that he believes he is ready for trial.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[12]

Mr. Davis's motion is not a proper motion for summary judgment. The motion discusses his dissatisfaction with the lack of communication with Defendant's counsel and that he believes he is ready to proceed to trial. Mr. Davis has not demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] Accordingly, Mr. Davis's Motion for Summary Judgment at Docket 13 is **DENIED WITHOUT PREJUDICE**.

---

[10] Docket 13 at 2.

[11] Docket 13 at 2.

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[13] Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.");

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 3 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 3 of 12

## II. **Motion to Add New Defendant to Complaint**

Mr. Davis filed a "Motion to Add New Defendant" to his complaint at Docket 16. He alleges that on October 19, 2020, he had chest pains, a corrections officer called the medical unit, and Lynette Lowe, RN, responded.[14] He further alleges that Nurse Lowe took his vital signs, but did not perform an EKG or call a provider and sent him back upstairs.[15] Mr. Davis requests that Nurse Lowe be added as a defendant to this action. At Docket 18, Defendant construes the motion as a proposed amended complaint and opposes the motion on the grounds that it does not conform to the requirements of Federal Rule of Civil Procedure 15. Additionally, Defendant asserts that it should not be joined under Rules 19 or 20 of Federal Civil Procedure because the allegations against Nurse Lowe stem from events unrelated to those raised in the complaint.[16]

Federal Rule of Civil Procedure 15(a) governs the process for amending pleadings. A plaintiff may amend a complaint in three circumstances: (1) within

---

*see also* Fed. R. Civ. P. 56(c)(1) (stating that a moving party must support any assertions from support in the record, such as depositions, documents, affidavits, interrogatories, or other answers); Fed. R. Civ P. 65(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *see also* Scheduling Order Docket 19 at 8, which establishes June 2, 2021 as the deadline for dispositive motions.

[14] Docket 16 at 1-2.

[15] *Id.* at 2.

[16] Docket 16 at 3-4 (citing Fed. R. Civ. P. 19, 20) (Joinder permits the addition of new defendants for claims arising out of the same nucleus of operative fact. That is not applicable here).

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 4 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 4 of 12

21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent; or (3) with the Court's permission.[17] Additionally, Local Civil Rule 15.1 governs this Court's practice for amending pleadings: "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."[18] This means that a plaintiff cannot simply add on new claims or defendants by motion or declaration. If a plaintiff seeks to amend his complaint, he must file a motion and attach the proposed amended complaint that includes all the claims the plaintiff seeks to allege.

After the parties met and conferred, the Court issued a Scheduling Order.[19] The Scheduling Order directed the parties to file motions to amend the pleadings by January 25, 2021. A party seeking to file an amended complaint after that date must first file a motion to amend the scheduling order to modify the January 25, 2021 deadline and show good cause under Federal Rule of Civil Procedure 16.[20] If the Court grants that motion and modifies the scheduling order, then Mr. Davis will need to follow the procedure set out in the preceding paragraph of this order.

---

[17] Fed. R. Civ. P. 15(a).

[18] Local Civil Rule 15.1.

[19] Docket 19.

[20] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–11 (9th Cir. 1992) (discussing that amending a complaint after a district court has issued a scheduling order is governed by Federal Rule of Civil Procedure Rule 16(b)); *see also Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 459 (9th Cir. 2012).

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 5 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 5 of 12

Accordingly, the Motion to Add New Defendant to Complaint is **DENIED WITHOUT PREJUDICE**.

### III. Motion to Show Court that Defendant Refuses to Send Plaintiff to the ER for Chest Pains and Vomiting

Mr. Davis filed the above-titled motion at Docket 21. He alleges that on November 17, 2020 at 6:30 p.m., he awoke with severe chest pains and vomiting and that Nurse Lynette Lowe did not see him until 10:30 p.m., thereby causing him to suffer.[21] Mr. Davis further alleges Nurse Lowe checked his vital signs and called PA Kim Aikey "who said that they were not sending anyone to the ER due to Covid 19."[22] Mr. Davis has added Lynette Lowe, RN, and Kim Aikey, PA, to the caption of the motion. At Docket 22, Defendant opposes, asserting that (1) the motion does not make a request for relief and (2) Lynette Lowe is not a party to this action.

As discussed above, Mr. Davis may not add claims or defendants by motion or notice. Moreover, the motion contains no request for relief. Therefore, the motion at Docket 21 is **DENIED**.

### IV. Motions Requesting Court Order for Medical Treatment at Mr. Davis's Discretion

#### a. Motions at Dockets 23, 24, 26, and 27

At Docket 23, Mr. Davis filed a Motion to Compel that alleges on November 29, 2020, he had chest pains and vomiting and the medical unit refused to see him

---

[21] Docket 21 at 1-2.

[22] Docket 21 at 2.

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 6 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 6 of 12

"if it was not life threatening[.]"[23] For relief, Mr. Davis requests "an order from the Court directing the jail to send the plaintiff to the ER when he has chest pains and vomiting."[24]

At Docket 24, Mr. Davis filed a "Motion to Show Summary of [C]ase and [U]p[date] the [C]ourt," which alleges that on December 31, 2020, he had chest pains and vomiting, a nurse responded and took his vital signs, but he did not see a provider or undergo additional tests or treatment. For relief, he requests "an order to have the medical dept to send the plaintiff to the emergency room when he has chest pains and is sick."[25]

At Docket 26, Mr. Davis filed a "Motion to Show the [C]ourt that the [M]edical [D]ept [W]ill [N]ot [S]ee the [P]laintiff for [C]hest [P]ains and [H]igh [B]lood [P]ressure." He alleges that he has high blood pressure and the medical unit refuses to send him to the hospital. He further alleges that on January 13, 2021, he complained of chest pains, but did not see a nurse until 11:30 p.m. and she only checked his vital signs.[26] For relief, Mr. Davis references his previous

---

[23] Docket 23 at 2.

[24] *Id.*

[25] Docket 24 at 2.

[26] Docket 26 at 1.

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 7 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 7 of 12

requests for a court order to send him to the hospital when he is sick.[27]

At Docket 27, Mr. Davis filed a Motion for Preliminary Injunction. He alleges that "[b]y not sending me to the ER for chest pain and vomiting he is likely to suffer irreparable harm without preliminary relief. The balance of equities favors preliminary relief. If not taken to the ER plaintiff could die."[28] For relief, Mr. Davis requests "a preliminary injunction against the defendant to send him to the ER when he has chest pain."[29]

Defendant opposed the Motion to Compel, and because of the relief requested construed the motion as a motion for a preliminary injunction.[30] Defendant argues that Mr. Davis does not discuss or prove the required elements to grant preliminary injunctive relief.[31] Further, Defendant argues that even if the Court granted a preliminary injunction, Defendant "is one of many nurses employed at Anchorage Correctional Complex"; and therefore, "she would be individually incapable of ensuring plaintiff is taken to the hospital every time he complains of chest pain."[32] Defendant has not filed a response to the motions at

---

[27] Docket 26 at 2.

[28] Docket 27 at 1-2.

[29] Docket 27 at 2.

[30] Docket 25.

[31] Docket 25 at 2.

[32] *Id.*

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 8 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 8 of 12

Dockets 24, 26, and 27. Due to the repeated request for injunctive relief, the Court liberally construes Mr. Davis's motions as requests for preliminary injunctive relief.

### b. Legal Standard for Preliminary Injunction

Plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[33] Under this standard, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."[34] "Speculative injury does not constitute irreparable injury . . . a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."[35] Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[36] The Supreme

---

[33] *Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[34] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in the original).

[35] *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis omitted) (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) and *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)).

[36] *Sierra Forest*, 577 F.3d at 1022 (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[37]

### c. Analysis

Mr. Davis is a convicted prisoner; therefore, the Eighth Amendment applies to his allegations of inadequate medical care.[38] In order to state a claim under the Eighth Amendment for violations involving medical care, a prisoner must show that a defendant has been deliberately indifferent to his serious medical needs.[39] A "showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another [i]s insufficient, as a matter of law, to establish deliberate indifference. In other words, where a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law."[40] In order to prevail on a claim of involving choices of treatment, a prisoner must plead facts, which if proven, would show that the course of treatment was medically unacceptable in light of the

---

[37] *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[38] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.").

[39] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[40] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996) (citing *Estelle*, 429 U.S. at 107-08, overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc)).

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 10 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 10 of 12

circumstances and chosen in conscious disregard of an excessive risk to the prisoner's health.[41]

Through repeated motions, Mr. Davis requests that this Court order Defendant to send him to the emergency room whenever he believes that he needs outside medical assistance. With Dockets 23, 24, and 26, Mr. Davis alleges three incidents when he experienced chest pain and vomiting and received care from the medical unit that he believes was inadequate. At Docket 27, Mr. Davis alleges that "he is likely to suffer irreparable harm," "the balance of equities favors" relief, and "[he] could die," but does not provide any supporting reasoning or evidence.[42] Mr. Davis has not demonstrated that the treatment he has received was medically unacceptable in light of the circumstances and in conscious disregard of his health. Even taken as a whole, Mr. Davis has not alleged that the events resulted, or could result, in an immediate threatened injury that will result in irreparable harm. Mr. Davis's motions lack a sufficient factual basis for this Court to grant the extraordinary injunctive relief requested. Further, Defendant Glaves is one nurse working at the Anchorage Correctional Complex. It would be ineffective to grant the preliminary injunctive relief requested by Mr. Davis.

---

[41] *Jackson*, 90 F.3d at 332; *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

[42] *See Rosado v. Alameida*, 349 F.Supp.2d 1340, 1346-47, 1349-50 (S.D. Cal. 2004) (granting a prisoner's request for injunctive relief to receive a liver transplant after presenting extensive evidence of medical necessity).

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 11 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 11 of 12

Accordingly, Mr. Davis has not met the elements required for preliminary injunctive relief. Therefore, the motions at Dockets 23, 24, 26, and 27 are **DENIED**.

**IT IS THEREFORE ORDERED**:

1. The Clerk of Court is directed to change the caption of this suit to reflect the proper spelling of Defendant's name, and the case is to be renamed *Davis v. Glaves*. Mr. Davis is directed to use the updated caption on all future filings.

2. The Motion for Summary Judgment at Docket 13 is **DENIED WITHOUT PREJUDICE**.

3. The Motion to Add New Defendant at Docket 16 is **DENIED WITHOUT PREJUDICE**.

4. The Motion to Show Court that Defendant Refuses to Send Plaintiff to the ER for Chest Pains and Vomiting at Docket 21 is **DENIED**.

5. The Motion to Compel at Docket 23 is **DENIED**.

6. The Motion to Show Summary of Case and Update the Court at Docket 24 is **DENIED**.

7. The Motion to Show the Court that the Medical Dept Will Not See the Plaintiff for Chest Pains and High Blood Pressure at Docket 26 is **DENIED**.

8. The Motion for Preliminary Injunction at Docket 27 is **DENIED**.

DATED this 9th day of March, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00100-SLG, *Davis v. Glades.*
Order Re: All Pending Motions
Page 12 of 12
Case 3:20-cv-00100-SLG   Document 34   Filed 03/09/21   Page 12 of 12