# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BEN DAVIS,

    Plaintiff,

      v.

ASHTEN GLAVES,

    Defendant.

Case No. 3:20-cv-00100-SLG

## ORDER RE MOTION SUMMARY JUDGMENT

Before the Court at Docket 46 is Defendant Ashten Glaves's Motion for Summary Judgment. Plaintiff Ben Davis, a self-represented prisoner, responded at Docket 49, to which Defendant replied at Docket 50. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

The following facts have been provided by Nurse Glaves; Mr. Davis did not submit any affidavits, answers to interrogatories, or other evidence in opposition to this motion.[1] In the weeks preceding April 23, 2020, Mr. Davis had been treated four times for chest pain and received three electrocardiograms ("EKGs"), none of which showed signs of heart damage.[2] On three of those occasions, Mr. Davis was treated for heartburn and/or provided nitroglycerin, which resolved his chest

---

[1] *See* Docket 49 (Opp.).

[2] Docket 46-4, ¶ 8.

pain.³ On or about April 23, 2020, Correctional Officer Lonnie McCullough called the nurses' station and informed Nurse Glaves that Mr. Davis "was complaining of chest pain."⁴ Officer McCullough told Nurse Glaves that Mr. Davis was not "showing any signs of distress" and that Mr. Davis's chest pain symptoms were not "new or different in character from his regular chest pains."⁵ After reviewing Mr. Davis's chart and seeing that he had been "declining to take his prescribed medication for days," Nurse Glaves informed McCullough that she "could bring Mr. Davis his medication and that [she] could arrange a vital sign check for Mr. Davis[] at the next diabetic check in approximately one hour."⁶ Nurse Glaves told Officer McCullough "to speak with Mr. Davis and to call [her] back if this is something Mr. Davis would like to do," but Nurse Glaves never heard back.⁷ On April 27, 2020, Mr. Davis again complained of chest pain and was again successfully treated with medicine.⁸

On April 30, 2020, Mr. Davis initiated this § 1983 action, alleging that he has been subjected to cruel and unusual punishment under the Eighth Amendment of

---

³ Docket 46-4, ¶ 8 (Decl. of Robert Lawrence).

⁴ Docket 46-5, ¶ 3 (Decl. of Ashten Glaves); Docket 1 at 4 (Compl.). Mr. Davis's Complaint states that this event occurred on April 23, but Nurse Glaves's attorney is apparently unable to corroborate that exact date. Docket 46-1 at 3, n. 16 (Mem. in Supp.).

⁵ Docket 46-5, ¶ 4 (Decl. of Ashten Glaves).

⁶ Docket 46-5, ¶ 5 (Decl. of Ashten Glaves).

⁷ Docket 46-5, ¶ 5 (Decl. of Ashten Glaves).

⁸ Docket 46-4 at 3, ¶ 8 (Decl. of Robert Lawrence).

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 2 of 10

the U.S. Constitution.[9] He alleges that Nurse Glaves acted with deliberate indifference to his serious medical needs in connection with the April 23, 2020 incident.[10] At the close of discovery, Nurse Glaves moved for summary judgment on Mr. Davis's § 1983 claim.[11]

On June 8, 2021, pursuant to Ninth Circuit authority, the Court issued a notice to Mr. Davis informing him that Nurse Glaves had filed a motion for summary judgment.[12] The Ninth Circuit has explained that such notice "'must be phrased in ordinary, understandable language' and that it must inform the prisoner both of his 'right to file counter-affidavits or other responsive evidentiary materials' and, 'most importantly, . . . of the effect of losing on summary judgment.'"[13] Accordingly, the notice issued by Court notified Mr. Davis that Nurse Glaves had "filed a motion for summary judgment" that would, "if granted, end your case without a trial."[14] The notice also informed Mr. Davis of the requirements of Rule 56 and that he could

---

[9] Docket 1 (Compl.). To the extent that Mr. Davis alleges "gross negligence" in his complaint, that claim would be governed by Alaska state law. Under Alaska law, "Nurses are 'health care providers' under the medical malpractice statutes, including the expert testimony requirements of AS 09.55.540." *Hertz v. Beach*, 211 P.3d 668, 681 (Alaska 2009).

[10] Mr. Davis also alleged a similar claim against another defendant, Burke Kate. *See* Docket 1 at 3. The Court granted Mr. Davis's voluntary dismissal of that claim on July 27, 2020. *See* Docket 7 (Order).

[11] Docket 46 (Mot.); Docket 19 (Scheduling Order stating that discovery would close May 3, 2021).

[12] *See Rand v. Rowland*, 154 F.3d 952, 953 (9th Cir. 1998) (en banc) (reaffirming that "a pro se prisoner is entitled to fair notice of the requirements of Rule 56 . . . and the consequences of [a motion for summary judgment]").

[13] *Solis v. County of Los Angeles*, 514 946, 952 (9th Cir. 2008) (quoting *Rand*, 154 F.3d at 960).

[14] Docket 47 at 1 (Warning Notice to Plaintiff).

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 3 of 10

not "simply rely on what [his] complaint says," and "[i]nstead . . . must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents . . . that contradict the facts shown in the defendant's declarations and documents . . . ."[15] The notice stressed that "[i]f you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you," meaning that "your case will be dismissed and there will be no trial."[16]

## DISCUSSION

### I. Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[17] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[18] The non-moving party may not rely on mere allegations or denials.[19] Rather, that party must demonstrate that enough evidence supports the alleged factual dispute

---

[15] Docket 47 at 1–2 (Warning Notice to Plaintiff).

[16] Docket 47 at 2 (Warning Notice to Plaintiff).

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[19] *Id*.

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 4 of 10

to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[20]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[21] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[22] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[23]

**II. Analysis**

To establish that a prison official has violated the Eighth Amendment, "a prisoner 'must satisfy both the objective and subjective components of a two-part test.'"[24] A prisoner satisfies the objective prong on a showing that "the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities."[25] To satisfy the subjective prong, "a prisoner must demonstrate

---

[20] **Id.** (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968)).

[21] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[22] *Id.* at 248.

[23] *Id.* at 249.

[24] *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citing *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)).

[25] *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)).

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 5 of 10

that the prison official "acted with deliberate indifference in doing so."[26] To establish that a prison official acted with deliberate indifference in the context of an Eighth Amendment claim based upon the failure to provide medical treatment, a prisoner must show that the prison official was "(a) *subjectively* aware of the serious medical need and (b) failed to adequately respond."[27] "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."[28] Lastly, a prisoner "alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries."[29]

Nurse Glaves asserts that her "alleged refusal to treat Mr. Davis constituted at worst a delay in medical care as he continued to receive care throughout the day" and maintains that a "delay of treatment alone does not constitute deliberate medical indifference absent actual harm."[30] She further contends that "Mr. Davis received an EKG on April 27, 2020 showing no heart damage," which demonstrates that her alleged conduct on April 23 "did not cause him any harm."[31]

---

[26] *Toguchi*, 391 F.3d at 1057 (citing *Hallett*, 296 F.3d at 744).

[27] *Lemire*, 726 F.3d at 1082 (quoting *Conn v. City of Reno*, 591 F.3d 1081, 1082 (9th Cir. 2010), *vacated by* 563 U.S. 915 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011)) (emphasis in *Conn*).

[28] *Toguchi*, 391 F.3d at 1057 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)).

[29] *Lemire*, 726 F.3d at 1074 (quoting *Conn*, 591 F.3d at 1098–101).

[30] Docket 46-1 at 7–8 (Mem. in Supp.) (citing *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)).

[31] Docket 46-1 at 8 (Mem. in Supp.) (citing 46-3 at 4–12; 46-4 at ¶ 8 (Decl. of Robert

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 6 of 10

Nurse Glaves also asserts that "no reasonable jury [could] conclude that Nurse Glaves acted with deliberate medical indifference to Mr. Davis' medical needs" because she was not presented with "facts from which the inference could be drawn that a substantial risk of harm exists."[32] Additionally, she maintains that because she has "produced expert testimony opining that Nurse Glaves provided appropriate treatment to Mr. Davis," Mr. Davis could at most demonstrate a "mere difference of medical opinion," which she maintains "is not enough to sustain Mr. Davis' claim" under Ninth Circuit authority.[33] In support of this point, Nurse Glaves offers the declaration of Robert Lawrence, a medical doctor and Chief Medical Officer for the State of Alaska Department of Corrections, as well as medical records for Mr. Davis spanning the month of April, 2020.[34]

In response, Mr. Davis states that "[t]he only thing I can offer this court is the witness's [sic] from the witness list" and that their "testimony will be enough to convince the jury to prove a deliberate indifference and find the defendant guilty so I ask this court please let this stand for trial."[35]

---

Lawrence)).

[32] Docket 46-1 at 12–13 (Mem. in Supp.) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

[33] Docket 46-1 at 14 (Mem. in Supp.) (citing *Toguchi*, 391 F.3d at 1058).

[34] Docket 46-4 at 4 (Decl. of Robert Lawrence); Docket 46-3 (Medical records).

[35] Docket 49 (Opp.). Mr. Davis refers to his Final Witness List at Docket 39. However, he does not describe what testimony he hopes to elicit from each witness or how the witnesses will support his case. In fact, one of Mr. Davis's listed witnesses is Robert Lawrence, who submitted a declaration in support of summary on behalf of Nurse Glaves. *See* Docket 46-3 (Decl. of Robert Lawrence).

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 7 of 10

Nurse Glaves replies that "[p]ursuant to Federal Rule of Civil Procedure 56(c), Mr. Davis must cite to materials in the record to support a factual position," and asserts that his failure to do so renders summary judgment to Defendant appropriate.[36]

While Mr. Davis has not attached any supporting affidavits, answers to interrogatories, or other evidence to his opposition, Nurse Glaves's motion cannot be granted unless her filings are sufficient to support her motion and do not reveal a genuine dispute of material fact on their face.[37] As such, the Court considers whether Nurse Glaves has met that burden.

The undisputed record reflects that the only medical need that Nurse Glaves was aware of was Mr. Davis's chest pain: she was informed that Mr. Davis did not appear to be in acute distress, his chest pain was consistent with previous episodes that were successfully treated with medication and did not result in heart damage, and he had been refusing to take the medication for his chest pain. Mr. Davis has not offered any contrary evidence that, if true, would establish that Nurse

---

[36] Docket 50 at 2 (Reply).

[37] *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (A district court's discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact" even if no papers opposing the motion are filed."); *see also Celotex Corp.*, 477 U.S. at 323 (noting that the movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); *cf.* Local Civ. R. 7.1(h) ("The failure to respond to a *non-dispositive* motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken." (emphasis added)).

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 8 of 10

Glaves was aware of any different or more severe medical need. Moreover, the record reflects that Nurse Glaves adequately responded to Mr. Glaves's chest pain: she offered Mr. Davis his prescribed medication, she indicated that she would take his vital signs at his next diabetes check, she did not receive any further information,[38] and Mr. Davis did not submit a written request for further treatment absent an emergency.[39] Robert Lawrence opines in his declaration that Nurse Glaves's "response to Mr. Davis' report of subjective chest pain is within the expected standard of care for her role as a nurse treating someone with a medical condition such as Mr. Davis' chest pain."[40] Importantly, Nurse Glaves's response to Mr. Davis's medical need occurred while Mr. Davis was receiving daily care.[41] Mr. Davis has not offered any evidence that could raise a genuine dispute of material fact as to whether Nurse Glaves's response was adequate.[42]

---

[38] Docket 46-5 at 2, ¶¶ 3–5 (Decl. of Ashten Glaves); Docket 46-4 at 3, ¶ 8 (Decl. of Robert Lawrence).

[39] *See generally* Docket 46-3 (medical records containing only one Request for Interview submitted by Mr. Davis from April 2020); *see also* Docket 46-4 at 4–5, ¶ 12 (Decl. of Robert Lawrence) (explaining that "in the absence of a medical emergency, inmates are to use use a written communication form called a Request for Interview (RFI) to make a request" and that it was "therefore reasonable for Nurse Glaves to clarify whether an emergency existed").

[40] Docket 46-4 at 5, ¶ 15 (Decl. of Robert Lawrence).

[41] Docket 46-4 at 5, ¶¶ 13, 15 (Decl. of Robert Lawrence) ("In fact, Nurse Glaves is only peripherally involved in Mr. Davis' medical care during the window of time in question.").

[42] To the extent that Mr. Davis also sought to advance a "gross negligence" claim under Alaska state law, such a claim against a health care provider such as Nurse Glaves would require Mr. Davis to provide expert evidence showing negligence. *See Hertz*, 211 P.3d at 681 ("Nurses are "health care providers" under the medical malpractice statutes, including the expert testimony requirements of AS 09.55.540.33. To show that Beach and Hawkins committed malpractice in failing to treat him themselves, Hertz needed to provide expert evidence showing negligence. He did not."). To the extent Mr. Davis intended to allege such a claim, summary judgment in favor of

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 9 of 10

In short, Nurse Glaves has shown the absence of a genuine dispute of material fact regarding Mr. Davis's claim that she violated the Eighth Amendment through deliberate indifference to his medical needs. And despite being warned by this Court that a failure to adequately respond, including by record evidence of his own, could result in dismissal of his case, Mr. Davis has not offered any specific factual evidence demonstrating the existence of a genuine issue of material fact.[43] As such, the Court will enter summary judgment in favor of Nurse Glaves on Mr. Davis's Eighth Amendment claim.

## CONCLUSION

In light of the foregoing, Defendant Ashten Glaves's Motion for Summary Judgment at Docket 46 is GRANTED. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 16th day of July, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

defendant is warranted on that claim as well on the record before the Court, particularly as Mr. Davis has presented no expert testimony to dispute Dr. Lawrence's opinions.

[43] While Mr. Davis submitted a verified Complaint, its allegations are too vague and conclusory to defeat summary judgment and do not raise any genuine disputes of material fact. Docket 1 at 4, 8; *cf. Soremekune v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits . . . is insufficient to raise genuine issues of fact and defeat summary judgment.").

Case No. 3:20-cv-00100-SLG, *Davis v. Glaves*
Order re Motion for Summary Judgment
Page 10 of 10